UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE-LAEL B. NORSWORTHY, <br><br> Plaintiff, <br><br> v. <br><br> STEVE LIN, et al., <br><br> Defendants. | Case No. 18-cv-07136-JST (PR) <br><br> **ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Plaintiff, a transgender inmate at the Solano County Jail in Vallejo, California, has filed the above-titled *pro se* civil rights action under 42 U.S.C. §1983.[1] Plaintiff filed a prior action in this Court seeking injunctive relief based on the California Department of Corrections and Rehabilitation's (CDCR) failure to: (1) provide her with medically necessary sex reassignment surgery ("SRS") and (2) allow her to pursue a legal name change. *See Norsworthy v. Beard*, No. 14-cv-0695 JST (N.D. Cal.). In the prior action, this Court granted plaintiff's motion for a preliminary injunction and ordered the CDCR to provide plaintiff with access to adequate medical care, including sex reassignment surgery (SRS). The CDCR appealed the Court's preliminary injunction order. *See Norsworthy v. Beard*, No. 15-15712 (9th Cir.). While the appeal was pending, plaintiff was released on parole. *See Norsworthy v. Beard,* 802 F.3d 1090, 1091-92 (9th Cir. 2015). The Ninth Circuit instructed this Court to determine on remand whether the CDCR's appeal had become moot "through happenstance or the defendants' own actions," and if the latter, whether this Court should decline to vacate its preliminary injunction order under *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982). *Id.* at 1092-93.

---

[1] Plaintiff refers to herself using female pronouns in her filings; therefore, the Court will do so in this order.

The parties subsequently filed a stipulation of dismissal, stating that they had agreed to a settlement of the action. On February 24, 2016, the Court dismissed the case with prejudice, without reaching the question of whether the appeal had become moot through happenstance or the defendants' own actions, or whether there was sufficient cause to vacate its prior preliminary injunction order.

The Court does not know the basis for plaintiff's current incarceration at the Solano County Jail. By way of the instant action, plaintiff claims that various parole officers are retaliating against her and posing a threat to her safety by refusing to change her birth name and birth gender and by refusing to acknowledge her SRS (presumably in CDCR records). Plaintiff claims that this violates the orders of this Court in case no. 14-cv-0695, the Ninth Circuit Court of Appeals in case no. 15-15712, and the San Francisco Superior Court in Case No. CNC 15-551532.[2] Plaintiff requests an order from this Court directing the CDCR to: (1) suppress and or redact her male gender markers and birth name and replace them with her true name and gender, and (2) acknowledge her sex change. Plaintiff also seeks compensatory and punitive damages.

The action must be dismissed. The Court first notes that there was no court order relating to plaintiff's name change in *Norsworthy v. Beard*, No. 14-cv-0695 JST (N.D. Cal.) or in *Norsworthy v. Beard*, No. 15-15712 (9th Cir.). To the extent plaintiff seeks to enforce the settlement made between the parties in *Norsworthy v. Beard*, No. 14-cv-0695 JST (N.D. Cal.), the vehicle for the enforcement of a settlement agreement is a breach of contract claim in another proceeding, where "part of the consideration [for the contract] was dismissal of an earlier federal suit." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). Breach of contract is a state law cause of action. *Id.* at 382. Plaintiff may therefore seek to enforce the settlement agreement by filing an action for breach of the settlement agreement in state court.[3] Similarly, to

---

[2] The Court has reviewed the San Francisco Superior Court's online register of civil actions and has confirmed that plaintiff received a judicial decree changing her name and gender on December 10, 2015, with no objections being made. *See* https://imgquery.sftc.org/Sha1_newApp/ViewPDF.aspx.

[3] Federal courts ordinarily do not have jurisdiction to enforce settlement agreements once the settled actions have been dismissed. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995). Jurisdiction exists only if the court expressly retains jurisdiction to enforce the agreement

the extent plaintiff seeks to enforce the judicial decree changing her name in San Francisco Superior Court Case No. CNC 15-551532, she must seek relief from that court.

Finally, to the extent plaintiff is seeking new relief from the CDCR, unrelated to her prior actions, she must bring her claims in the United States District for the Eastern District of California, where both CDCR headquarters and the Solano County Jail – plaintiff's current institution – are located. *See* 28 U.S.C. § 84(b); 28 U.S.C. § 1391(b). Although plaintiff names various parole officers as defendants rather than the CDCR, she seeks relief specifically from the CDCR. Further, plaintiff states that most of the parole officer defendants work in the "Vallejo office," making the Eastern District the proper venue. *See id.*

For the foregoing reasons, the complaint is DISMISSED. The dismissal is without prejudice to plaintiff: (1) seeking relief in state court, or (2) filing a new action in the Eastern District. The Clerk shall send a courtesy copy of this order to plaintiff's counsel in Case No. 14-cv-0695 JST, so that counsel may have an opportunity to advise plaintiff.

**IT IS SO ORDERED.**

Dated: December 7, 2018

JON S. TIGAR
United States District Judge

---

or if the terms of the settlement agreement are incorporated into the dismissal order. *Id.* A review of the docket in Case No. 14-cv-0695 JST shows that neither of these occurred.